# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANCE REBERGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68522

**FILED**

JAN 12 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Lance Reberger's January 14, 2014, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reberger argues that the district court erred in denying his ineffective-assistance-of-counsel claims as procedurally barred and in denying his claims that the State suppressed evidence and knowingly elicited perjured testimony. We affirm.

Reberger filed his petition more than 18 years after issuance of the remittitur on direct appeal on June 14, 1995. *See Reberger v. State*, Docket No. 25521 (Order Dismissing Appeal, May 26, 1995). Reberger's petition was therefore untimely filed, and it was also successive and an abuse of the writ. *See Reberger v. State*, Docket No. 60210 (Order of Affirmance, December 12, 2012); NRS 34.726(1); NRS 34.810(1)(b)(2); NRS 34.810(2). The petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). We give deference to the district court's factual findings if supported by substantial evidence and not clearly

17-01238

erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Reberger contends that the district court erred in denying his claim that the State improperly withheld *Brady*[1] evidence that would have impeached the State's primary witness and his codefendant, Amber Harvey. "To prove a *Brady* violation, the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (internal quotation marks omitted). Demonstrating the second and third elements of a *Brady* claim satisfies the good cause and prejudice requirements to overcome the procedural bars. *Id.* The district court found that the State withheld favorable evidence but that the evidence was not material. We agree.

The district court's finding that the State withheld favorable evidence is supported by significant evidence in the record. The State agreed not to oppose Harvey's postconviction efforts to reduce her sentence in exchange for her withdrawing her appeal and testifying against Reberger. Harvey performed her part of the bargain despite knowing the initially contemplated vehicle for the agreement was not available. At Reberger's trial, Harvey denied having any deal with the State and said she was testifying only because she wanted Reberger to pay for his

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

actions. After Reberger's conviction, the State not only failed to oppose the Harvey's facially deficient postconviction efforts[2] to reduce her sentence but entered into a guilty plea agreement with her before the district court granted the postconviction relief.

The district court also correctly concluded that the evidence was not material. Because Reberger had specifically requested evidence of a deal between the State and Harvey, the withheld evidence is material if there is "a reasonable possibility that the claimed evidence would have affected the judgment of the trier of fact, and thus the outcome of the trial." *Jimenez v. State*, 112 Nev. 610, 619, 918 P.2d 687, 692 (1996) (emphasis, quotation marks omitted). Although the withheld evidence constituted new and different impeachment evidence of the State's key witness, it does not undermine confidence in the outcome of the trial because, unlike in *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016), there was sufficient independent evidence of Reberger's guilt. Overwhelming evidence points to Harvey's involvement in the crimes, and independent witnesses and evidence indicated Reberger and Harvey were together shortly before and after the crimes, they fled the state together despite

---

[2]After Reberger was convicted, Harvey, who had been convicted of the same crimes, filed a motion for new trial based on newly discovered evidence. The new evidence was introduced at Reberger's trial and suggested that he and not Harvey was the shooter. However, because the State had conceded at Harvey's trial that she was not the shooter, the new evidence could not have "render[ed] a different result probable upon retrial." *Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284-85 (1991) (setting forth the elements necessary to obtain a new trial based on newly discovered evidence).

having only recently met, and Reberger's own letters to and a conversation with Harvey while in jail indicated his participation in the crimes. For the same reason, Reberger's claim that the State violated *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (holding it is a constitutional violation for the State to obtain a conviction through knowing use of false evidence or failing to correct false evidence when it appears), also fails. *See Giglio v. United States*, 405 U.S. 150, 154 (1972) (applying a *Brady* materiality test to a *Napue* claim).[3]

Reberger next argues that, pursuant to *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), the ineffective assistance of postconviction counsel in his first postconviction proceedings provides good

---

[3]The State argues that these claims are barred by statutory laches under NRS 34.800. The requirements to overcome the NRS 34.800(2) presumption of prejudice to the State parallel elements of a successful *Brady* or *Napue* claim. The requirement of NRS 34.800(1)(a) that a petitioner must have exercised due diligence to investigate the basis of the claim is similar to the "withheld" prong of *Brady* in that any "delay was caused by an impediment external to the defense." *See Huebler*, 128 Nev. at 198, 275 P.3d at 95. Further, NRS 34.800(1)(b), *Brady*, and *Napue* all require demonstrating some sort of prejudice to the appellant. *See* NRS 34.800(1)(b) (petitioner must demonstrate a fundamental miscarriage of justice); *Jimenez*, 112 Nev. at 619, 918 P.2d at 692 (third *Brady* prong involves determining whether the evidence would have affected the outcome of trial); *United States v. Agurs*, 427 U.S. 97, 103 (1976) (petitioner prejudiced by *Napue* violation if he can demonstrate "any reasonable likelihood that the false testimony could have affected the judgment of the jury"), *holding modified on other grounds by United States v. Bagley*, 473 U.S. 667 (1985). Because Reberger fails to demonstrate that he is entitled to relief pursuant to either *Brady* or *Napue*, he necessarily fails to satisfy the requirements of NRS 34.800(1)(b).

cause to overcome the procedural bars to his claims of ineffective assistance of trial and appellate counsel. Reberger's claim lacks merit for several reasons. First, this court has held that *Martinez* does not apply to Nevada's statutory postconviction procedures. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 874 (2014). Second, even if *Martinez* did apply, no relief would be warranted in this case as Reberger elected to proceed pro se in his first postconviction proceedings and therefore would not have been entitled to the effective assistance of counsel. *See McConnell v. State*, 125 Nev. 243, 252, 212 P.3d 307, 314 (2009); *cf. Faretta v. California*, 422 U.S. 806, 835 (1975) ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel."). Third, the instant postconviction petition was filed more than one year after *Martinez* was decided and thus does not raise the claim within a reasonable time. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Fourth, Reberger makes only a bare assertion that postconviction counsel was ineffective. *Cf. Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding petitioner not entitled even to evidentiary hearing where claims lack specific allegations that, if true, would have entitled him to relief). Finally, the district court also concluded that these claims were barred because Reberger was required to overcome the presumption of prejudice to the State since the State specifically pleaded laches. *See* NRS 34.800(2). To do so, Reberger would have had to demonstrate a fundamental miscarriage of justice. *See Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001). However, Reberger failed to demonstrate that "it is more likely than not that no reasonable

juror would have convicted him in light of the new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elissa F. Cadish, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk